EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2014 TSPR 143 |
| Manuel R. Suárez Jiménez | 192 DPR ____ |

Número del Caso: CP-2012-19

Fecha: 17 de diciembre de 2014

Abogado de la parte Querellada:

       Lcdo. Ángel Tapia Flores

Oficina de la Procuradora General:

       Lcda. Karla Z. Pacheco Álvarez
       Subprocuradora General

       Lcda. Yaizamarie Lugo Fontánez
       Procuradora General Auxiliar

Comisionada Especial:

       Hon. Eliadís Orsini Zayas

Materia: <u>Conducta Profesional</u> – La suspensión será efectiva el 31 de diciembre de 2014, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Manuel R. Suárez Jiménez          CP-2012-19

*PER CURIAM*

En San Juan, Puerto Rico, a 17 de diciembre de 2014.

Una vez más, nos vemos precisados a ejercer nuestra facultad disciplinaria contra un miembro de la clase togada por violar los Cánones 18, 20, 35 y 38 del Código de Ética Profesional.[1] Por los fundamentos que enunciamos, ordenamos la suspensión indefinida del Lcdo. Manuel R. Suárez Jiménez (licenciado Suárez Jiménez) del ejercicio de la abogacía. Veamos los antecedentes fácticos que sostienen nuestro dictamen.

---

[1] 4 LPRA Ap. IX.

# I

Para julio de 2008, el querellado, en representación del Sr. Antonio Bernier Martínez (señor Bernier o el quejoso) y otros codemandantes, presentó una demanda por daños y perjuicios en el Tribunal federal para el Distrito de Puerto Rico contra la línea aérea American Airlines, Inc.[2] Tras una solicitud de los demandados, mediante orden emitida por el Tribunal de Distrito de Puerto Rico el 1 de junio de 2009, el caso se trasladó al Tribunal federal del Distrito Sur de la Florida.[3] Así las cosas, la representación legal de la parte demandada intentó en varias ocasiones, pero sin éxito, reunirse con el querellado[4] para cumplir con unas órdenes del tribunal respecto a un informe conjunto que debían preparar y presentar ante ese foro.[5] La reunión nunca logró concordarse.

---

[2] El licenciado Suárez Jiménez presentó la demanda en representación de la Sra. Luz Esther Rivera Carmona, el Sr. Antonio Bernier Martínez y la sociedad legal de gananciales compuesta por ambos, la Sra. Lucyann Bernier Rivera, la Sra. Suzanne Bernier Rivera y la Sra. Alba I. Rivera Carmona, en contra de American Airlines y AMR Corporation.

[3] Véase, *Opinion and Order*, Apéndice de la Moción de desestimación de la querella, pág. 49.

[4] El 7 y 13 de julio de 2009 los abogados de American Airlines, Inc. se comunicaron con el querellado. Véase, *Estipulaciones de las partes*, Apéndice, Exhibits IV y V. Véase, además, *Defendant American Airlines. Inc.'s motion for enlargment of time to meet and prepare joint scheduling report and proposed scheduling*. Apéndice de la Moción de desestimación de la querella, pág. 74.

[5] El 21 de julio y 10 de agosto de 2009 el Tribunal emitió las siguientes órdenes, respectivamente: *Order requiring counsel to meet and file joint scheduling report and proposed order* y *Order granting American Airlines, Inc.'s motion to compel plaintiffs to participate in joint scheduling conference and preparation of joint scheduling report and proposed order*. Id., págs. 56, 92.

Trascendió que el 14 de agosto de 2009, el querellado presentó ante el Tribunal de Distrito de la Florida una moción solicitando que se paralizaran los procedimientos en lo que radicaba una moción para que el caso se trasladara al Tribunal de Distrito de Puerto Rico nuevamente.[6] Tras examinar esta y otras mociones presentadas por la parte demandada, el 27 de abril de 2010 dicho foro desestimó el caso sin perjuicio debido al incumplimiento del querellado con los requerimientos del tribunal.[7]

Ante estos hechos, el 13 de enero de 2011 el señor Bernier presentó ante este Tribunal la queja AB-2011-14 contra el licenciado Suárez Jiménez. Alegó que este no lo mantuvo informado sobre las incidencias del caso para el cual lo contrató. Por ejemplo, sostuvo que el letrado no le había informado sobre el traslado del caso al Tribunal de Distrito de la Florida y que este se desestimó debido al incumplimiento de las órdenes emitidas por ese foro. Finalmente, señaló que debido a la pobre comunicación que mantenía con el abogado, interesaba conocer el estatus de su caso y obtener una copia del expediente.

Luego de varios requerimientos de este Tribunal, el licenciado Suárez Jiménez presentó su contestación a la

---

[6] Id., pág. 94.

[7] Véase, *Order dismissing case,* Id., pág. 116.

queja[8] y en síntesis negó todo lo alegado por el señor Bernier. Expuso que cuando se trasladó el caso al Distrito de la Florida culminó su representación legal en cuanto al quejoso debido a que no estaba autorizado a practicar la abogacía en esa jurisdicción. Agregó, que en todo momento mantuvo una comunicación efectiva con este en cuanto a lo que ocurría con el caso y que le advirtió acerca de la dificultad procesal del mismo en vista de que los hechos habían ocurrido en la ciudad de Miami. Mientras tanto, el quejoso se reiteró en las contenciones consignadas en su queja.

Tras varios trámites procesales, el 9 de marzo de 2012 la Oficina de la Procuradora General nos presentó su *Informe,* en el que concluyó que el querellado violó los Cánones 18, 20, 35 y 38 del Código de Ética Profesional, supra. Evaluado el informe, le ordenamos a la Procuradora General que presentara una querella, lo que hizo el 21 de septiembre de 2012, imputándole al letrado los siguientes cargos:

> CARGO I: El licenciado Suárez Jiménez violó el Canon 18 de Ética Profesional al no defender diligentemente los intereses de su cliente a tenor con los preceptos del referido Canon al no representar adecuadamente al querellante en el caso federal 09-21684 conllevando así la desestimación sin perjuicio de su reclamación y al no orientarle sobre la posibilidad de instar

---

[8] El 17 de mayo de 2011 emitimos una Resolución en la que concedimos un término de 5 días para que compareciera ante este Tribunal y contestara la queja. Ello, en vista de que en dos ocasiones la Subsecretaria de este Tribunal le cursó comunicaciones infructuosas al querellado concediéndole términos para que contestara la queja presentada en su contra.

su reclamación nuevamente con otro abogado ni entregarle su expediente para dicha gestión.

Cargo II: El licenciado Suárez Jiménez no cumplió con los preceptos del Canon 20 de Ética Profesional al no solicitar su renuncia a la representación legal de sus clientes al Tribunal y al no tomar las medidas razonables para evitar perjudicar a su cliente al cesar su relación profesional, lo cual alega el querellado que ocurrió una vez fue el caso trasladado al Tribunal federal de Florida.

Cargo III: El licenciado Suárez Jiménez infringió los preceptos del Canon 35 de Ética Profesional, los cuales disponen que la conducta de un abogado para con el Tribunal, sus representados, y sus compañeros debe ser sincera y honrada, ante las incongruencias en cuanto lo informado a sus clientes de que estaría presentando unos escritos para reabrir el caso en julio de 2010 y lo informado a este Ilustre Foro en su contestación de que discutió con el querellante la posibilidad de presentar una apelación pero que no la presentó porque éste no estaba dispuesto a cubrir el gasto de la misma y porque era frívola, así como aseveró que una vez desestimado el caso había culminado la relación profesional con el querellante, así como su obligación de darle seguimiento al mismo.

Cargo IV: La conducta del licenciado Suárez Jiménez al no representar adecuadamente los intereses de sus clientes, lo cual conllevó con su dejadez a la desestimación de su caso, el no preocuparse por orientarles e informarles oportunamente su derecho a presentar nuevamente su causa de acción mediante otra representación legal y al haberles hecho creer que estaba haciendo gestiones para reabrir su caso y/o mentirle a este Tribunal sobre las gestiones realizadas por éste una vez se desestimó el mismo, constituye una violación al Canon 38 de Ética Profesional. Ello debido a que con dicho comportamiento no exaltó el honor y la dignidad de la profesión ni evitó hasta la apariencia de conducta profesional impropia, así como no aportó a la consecución de una mejor administración de la justicia.

El 10 de abril de 2013 el querellado nos presentó su

*Contestación a la querella y moción de desestimación.* En

su escrito, nuevamente negó la totalidad de las alegaciones en cuanto a los cargos imputados. Entre otras cosas, arguyó: que la Oficina de la Procuradora no cumplió con el debido proceso de ley durante su investigación en cuanto a las alegaciones hechas por el quejoso; que el señor Bernier le había mentido en cuanto a los hechos que dieron origen a la demanda de daños y perjuicios; que en todo momento mantuvo una comunicación efectiva con su cliente en cuanto a la imposibilidad de atender el caso en el Distrito de la Florida; que no acordó con el quejoso apelar la sentencia que desestimó el caso y que este nunca solicitó la entrega del expediente del caso. Así las cosas, el 31 de mayo de 2013 nombramos a la Hon. Eliadís Orsini Zayas, ex jueza del Tribunal de Primera Instancia, como Comisionada Especial para que nos rindiera un informe con sus recomendaciones. Luego de varias instancias procesales, las partes involucradas en este proceso decidieron someter el caso por el expediente.[9] De esta forma, el 11 de abril de 2014 recibimos el Informe de la Comisionada Especial, en el que concluyó que los cargos imputados se probaron con prueba clara, robusta y convincente. Además, recomendó como sanción la suspensión indefinida.

Contando con el beneficio del Informe y de la comparecencia de las partes, pasamos a exponer el estado

---

[9] Véase, *Moción conjunta informando interés en presentar un informe y someter el caso por el expediente.*

de derecho aplicable a la situación ante nuestra consideración.

## II

En reiteradas ocasiones hemos expresado que la práctica de la abogacía acarrea una delicada y seria función social. Ello, porque representa servicio, ética y ejemplo. In re García Ortíz, 187 DPR 507, 515 (2012); Ramos Acevedo v. Tribunal Superior, 133 DPR 599 (1993). Asimismo, esta profesión aporta imprescindiblemente a la realización de la Justicia. In re Mulero Fernández, 174 DPR 18, 28 (2008).

Así pues, los Cánones de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su labor. In re Reyes Coreano, 2014 TSPR 51, pág. 12, 190 DPR ___ (2014). Estos tienen el objetivo de promover los más altos principios de conducta decorosa para el beneficio de la profesión, de la ciudadanía y de las instituciones de justicia del país. In re Soto Charraire, 186 DPR 1019, 1027 (2012); In re García Ortiz, supra. Por ello, los abogados tienen una función revestida de gran interés público que genera obligaciones para con sus clientes, así como con el tribunal en la administración de la justicia. In re Mulero Fernández, supra, pág. 29; In re Meléndez La Fontaine, 167 DPR 111, 120 (2006).

Como mencionáramos, la querella presentada por la Oficina del Procurador General imputó al licenciado Suárez

Jiménez violación a los Cánones 18, 20, 35 y 38 de Ética Profesional, supra, al no ser diligente en la tramitación del caso de su cliente. Procedemos a exponer el derecho aplicable a las faltas éticas señaladas.

**A. Canon 18 de Ética Profesional**

El Canon 18 del Código de Ética Profesional, supra, establece que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. **Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.** (Énfasis nuestro).

El referido precepto "[r]ecoge el deber de diligencia de todo abogado en la atención de los asuntos de sus clientes". In re Zayas Nieves, 181 DPR 49, 54 (2011). El abogado tiene la obligación de desempeñarse diligentemente y con capacidad al defender los intereses de su cliente. Id.; In re Castro Colón, 177 DPR 333 (2010). Este deber constituye una obligación básica y elemental del abogado. In re Dávila Toro, 179 DPR 833, 842 (2010).

En ese contexto, hemos expresado que "[u]n abogado falta a su deber de diligencia cuando no realiza las gestiones que le fueron encomendadas en el momento oportuno, de la forma adecuada y sin retrasos. In re Reyes Coreano, supra. Asimismo, hemos señalado reiteradamente

que el deber de diligencia profesional es incompatible con la desidia, la despreocupación y la displicencia en el trámite de un caso. Id., pág. 13. En ocasiones anteriores, hemos identificado conductas específicas que contravienen los principios del Canon 18, supra. Entre estas conductas se encuentran: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; y (6) **cualquier tipo de acción negligente que pueda conllevar o resulte en la desestimación o el archivo del caso.** In re Plaud González, 181 DPR 874, 886-887 (2011); In re Vilches López, 170 DPR 793, 798 (2007).

En el ejercicio de nuestra función disciplinaria, hemos señalado que "aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se considerará violatoria del Canon 18 de los Cánones de Ética Profesional". In re Díaz Nieves, 189 DPR 1000, 1011-1012 (2013); In re Nieves Nieves, 181 DPR 25, 37 (2011).

**B. Canon 20 de Ética Profesional**

El Canon 20 de Ética Profesional, supra, establece el procedimiento que deben seguir los abogados al renunciar a la representación legal de un cliente. El mismo dispone que:

Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.

**Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto,** incluyendo la notificación al tribunal de la última dirección conocida de su representado.

Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado. (Énfasis nuestro).

Reiteradamente nuestros pronunciamientos sostienen que cuando un abogado ha comparecido ante un tribunal en representación de un cliente, debe obtener el permiso del tribunal para renunciar a la referida representación profesional. In re García Muñoz, 170 DPR 780, 789 (2007). Al hacerse efectiva la renuncia, el abogado debe entregar a su cliente el expediente del caso y todo documento relacionado con el pleito. Id. En ese escenario, hemos pautado que "[e]l expediente de un caso pertenece al cliente y una vez el abogado concluye las gestiones para

lo cual fue contratado, surge la obligación de entregar dicho expediente a su cliente de inmediato y sin dilación alguna". Id., pág. 790; In re Santos Rivera, 172 DPR 703, 711 (2007). Ello, pues el abogado renunciante no tiene interés propietario alguno sobre el expediente del caso. In re Santos Rivera, Id., pág. 717.

Ahora bien, la forma en que se puede dar por terminada la relación profesional entre el abogado y el cliente depende de si el abogado ha comparecido formalmente al tribunal en representación del cliente. S. Steidel Figueroa, Ética y Responsabilidad Disciplinaria del Abogado, Ed. Publicaciones JTS, 2010, pág. 253. Nos dice el autor que:

> de ordinario, en ausencia de una comparecencia oficial ante un tribunal, el abogado está en libertad de dar por finalizada una relación profesional con un cliente con una adecuada notificación a éste sin formalismos significativos. Id.

## C. Canon 35 de Ética Profesional

El Canon 35 de Ética Profesional, supra, dispone que:

> La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. […]
>
> El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar su affidávit u otros documentos y al presentar causas. […]

La conducta de los letrados debe ser sincera y honrada ante todos y en todo momento. In re Arraiza Miranda I, 2014 TSPR 12, 190 DPR__ (2014); In re Iglesias García, 183 DPR 572 (2011). Es decir, estas normas mínimas se exigen frente a clientes, compañeros abogados y el tribunal. In re Nieves Nieves, supra, pág. 42. Los abogados deben velar que los procesos legales se lleven de forma honesta, digna y transparente. In re Pons Fontana, 182 DPR 300, 306 (2011). Hemos señalado que este deber se infringe "[p]or el simple hecho de faltar a la verdad, independientemente de los motivos de la falsedad". Id. Asimismo, hemos expresado en ocasiones anteriores que las exigencias de este canon aplican durante la etapa investigativa de un procedimiento disciplinario relacionado a un miembro de la profesión legal. Id.

**D. Canon 38 de Ética Profesional**

En lo pertinente, el Canon 38 del Código de Ética Profesional, supra, esboza lo siguiente:

> El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. En su conducta como funcionario del tribunal, deberá interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia. […]

> Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse de forma digna y honorable. En observancia de tal conducta, el abogado debe abstenerse en absoluto de aconsejar y asesorar a sus clientes en otra

forma que no sea el fiel cumplimiento de la ley y el respeto al poder judicial y a los organismos administrativos. […]

En *In re Falcón López*, 189 DPR 689, 696 (2013) expresamos que cuando un abogado no se conduce de forma digna y honorable incurre en una violación al Canon 38, *supra*. En varias ocasiones, hemos reiterado que "[p]or ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re Reyes Coreano*, supra, pág. 20; *In re Fontánez Fontánez*, 181 DPR 407, 417 (2011). Por ello, el abogado que viola el Canon 38, *supra*, es indigno de pertenecer a este foro. *In re Reyes Coreano*, supra, pág. 21.

Para saber si un abogado violentó el Canon 38, *supra*, es necesario evaluar si su conducta realmente afecta sus condiciones morales. *In re Reyes Coreano*, supra, pág. 21. Es decir, para incurrir en tal violación, su conducta debe ser contraria a los valores principales de la profesión: la dignidad y el honor. Id.

Expuesto el marco ético, pasemos a discutir si la conducta exhibida por el licenciado Suárez Jiménez es contraria a las disposiciones de los Cánones 18, 20, 35 y 38 de Ética Profesional, *supra*.

**III**

Reiteradamente hemos expresado que este Tribunal "no habrá de alterar las determinaciones de hechos del

Comisionado Especial, salvo en aquellos casos donde se demuestre parcialidad, perjuicio o error manifiesto". In re Santos Rivera, supra, pág. 711-712; In re Fernández de Ruiz, 167 DPR 661, 680 (2006). No obstante, este caso fue sometido por el Expediente, de manera que estamos en igual posición que la Comisionada Especial para evaluar sus determinaciones. Tras examinarlo rigurosamente, no encontramos razón por la cual debamos intervenir con las mismas. Veamos.

**A. Infracción al Canon 18 y 20**

Al igual que el Informe de la Procuradora y la Querella, discutiremos estos dos cargos en conjunto. Como sabemos, el Canon 18, supra, establece el deber de todo abogado de defender los intereses de su cliente diligentemente. En su parte pertinente, el Canon 20, supra, señala que todo abogado debe tomar las medidas pertinentes para evitar perjudicar a su cliente al cesar su relación profesional. En este caso, la Querella le imputa al licenciado Suárez Jiménez infringir estos Cánones debido a que sus actuaciones provocaron que el caso del señor Bernier fuera desestimado. Como mencionamos, una vez el caso de daños y perjuicios se trasladó al Distrito de la Florida, la representación legal de la parte demandada intentó sin éxito reunirse con el querellado en varias ocasiones. Debido a que dichas reuniones debían celebrarse conforme a las órdenes emitidas por el propio Tribunal, dicho foro terminó

archivando el caso sin perjuicio por incumplimiento con las mismas.

En cuanto a esto, el licenciado Suárez Jiménez expone varias defensas. En primer lugar, señala que le había informado a sus clientes que la representación legal que brindaría en el caso se ceñiría únicamente a los procesos llevados a cabo en el Tribunal de Distrito de Puerto Rico. Específicamente, en su *Moción de Desestimación de la Querella,* indica que según el contrato de servicios profesionales, "[l]a representación legal iba a ser **exclusivamente** en el Tribunal federal para el Distrito de Puerto Rico…".[10] El contrato de servicios profesionales obra en el expediente, y en cuanto a esto consigna lo siguiente: "[l]os demandantes por este medio contratan al abogado para que los represente en el Tribunal Federal para el Distrito de Puerto Rico en un caso por violación por daños y perjuicios…".[11] Sin embargo, otros documentos que también constan en el legajo nos ayudan a concluir que en efecto, las acciones del letrado constituyeron una falta a los deberes éticos impuestos por los Cánones 18 y 20, supra. Veamos.

Es un hecho estipulado por las partes que al momento en que se trasladó el caso en controversia al Distrito de la Florida el querellado no estaba autorizado a ejercer la

---

[10] Véase, *Moción de desestimación de la querella por insuficiencia de prueba clara, robusta y convincente*, pág. 3.

[11] Véase, *Contrato de Servicios profesionales*, Estipulaciones de las partes, Exhibit II.

abogacía en esa jurisdicción.[12] Sin embargo, ello no lo exime de responsabilidad en este caso. En primer lugar, este era quien aparecía como abogado de récord en el caso que se ventilaba en el Tribunal de la Florida. Al ser así, dicho foro mantuvo notificándole todas las órdenes pertinentes a ese caso. El deber del letrado era notificarle a ese tribunal su inhabilidad para continuar representando a los demandantes debido a que no estaba autorizado a practicar en ese foro y solicitar ser relevado de la gestión profesional. Ante las órdenes que estaba recibiendo, esta era una precaución mínima que el licenciado Suárez Jiménez debió tomar anticipando que desacatar las mismas podría conllevar la imposición de sanciones, incluyendo, la desestimación del caso. Esta era una providencia que debía tomar independientemente de que el contrato de servicios profesionales estableciera que se le contrató para litigar el caso en el Distrito de Puerto Rico. Esto, pues continuaba siendo el abogado de récord para los efectos del tribunal.

Con respecto a esto que hemos discutido, el querellado alega que no recibió las notificaciones del foro federal ya que no tenía a su disposición el sistema mediante el cual se tramitan los documentos judiciales en esa jurisdicción. Empero, surge del expediente que la representación legal de la parte demandada le notificaba al letrado las órdenes que emitía el tribunal mediante

---

[12] Véase, *Estipulaciones de las partes*.

correo electrónico y correo regular.[13] Es decir, no puede alegar desconocimiento de lo que estaba ocurriendo en el Tribunal de Distrito de la Florida con respecto a la causa de su cliente. Al ser así, el licenciado Suárez Jiménez debió tomar las previsiones que ya mencionamos. El no haberlo hecho constituye una violación a los Cánones 18 y 20, supra.

Por otro lado, si bien es cierto que el 14 de agosto de 2009 el querellado le informó al Tribunal de Distrito de la Florida que presentaría una moción para que el caso se trasladara al Distrito de Puerto Rico, en ningún momento indicó su inhabilidad para practicar en ese foro y su deseo de ser relevado de dicha representación legal. Por el contrario, presentó excusas por las cuáles no había podido reunirse con los abogados de la parte demandada. En específico, indicó lo siguiente:

> …actualmente es imposible para el que subscribe cumplir con la orden requiriendo que los demandantes participen en la conferencia entre abogados debido al hecho de que el hermano menor del que suscribe fue víctima de un *carjack* el lunes pasado….[14] (Traducción nuestra)

---

[13] Véanse comunicaciones del 7, 13 y 21 de julio de 2009. *Estipulaciones de las partes*, Exhibits, IV, V y VII.

[14] *Plaintiffs' Emergency motion for stay*, Contestación a la querella, Apéndice, pág. 94. En el original:

> […]currently it is impossible for the undersigned to comply with the order compelling plaintiffs to participate in a joint scheduling conference due to the fact that the undersigned's younger brother was the victim of a carjack last Monday…

Como vemos, hasta ese momento, el querellado no indicó que no podía reunirse con los abogados de la otra parte ante su inhabilidad para ejercer la profesión en ese foro, sino que presentó argumentos de por qué no había podido hacerlo a tiempo. Esto contradice su versión de que su gestión se limitaba exclusivamente al Tribunal de Distrito de Puerto Rico. Además, como era el abogado de récord y había asumido formalmente ante los tribunales la representación legal del quejoso, su deber era cumplir con los formalismos necesarios para que esa gestión culminara.

Así también, el 10 de julio de 2010, tres meses después de que se desestimara el caso, el querellado le informó a sus clientes que estaba preparando unos escritos para solicitar que se reabriera.[15] Sin embargo, estas gestiones nunca se realizaron. Arguye en sus escritos que ello se debió a que la causa del señor Bernier era inmeritoria y que este le mintió sobre los hechos que alegadamente le causaron los daños y perjuicios por los cuales reclamaba. Sin embargo, si eso fuera cierto, ¿por qué en julio de 2009 le escribió a los abogados de American Airlines, Inc., ofreciéndole una oferta de transacción por $100,000.00?[16]

Por último, el licenciado Suárez Jiménez señala que la desestimación del caso no le causó perjuicio a los demandantes debido a que fue *sin perjuicio*. Este argumento

---

[15] Véase, Exhibit III estipulado por las partes en el escrito *Estipulaciones entre las Partes* del 10 de febrero de 2014.

[16] Id., Exhibit IV.

es completamente inmeritorio. Esta Curia no ha vacilado en consignar que cualquier tipo de negligencia que pueda conllevar la desestimación o archivo del caso contraviene los preceptos del Canon 18, supra. Véase, In re Plaud González, supra.

**B. Infracción al Canon 35**

En cuanto al Canon 35, se le imputa al abogado no haber tenido una comunicación sincera y honrada para con sus clientes. Como ya indicamos, el licenciado Suárez Jiménez no estaba autorizado a litigar en el Distrito de la Florida para la fecha en que ocurrieron los eventos que suscitaron esta querella. Sin embargo, del expediente surgen varias instancias que nos llevan a concluir que sus actuaciones fueron confusas para con sus representados, la parte demandada y el propio tribunal, en lo que a esto concierne. Veamos.

En una comunicación electrónica que el letrado le cursó a la hija del quejoso el 10 de julio de 2010, el querellado le informó que no estaba autorizado a practicar la abogacía en el Distrito de la Florida.[17] Añadió, que estaría preparando unos escritos para que el caso se reabriera. En específico, expresó: "[e]n este momento estoy preparando unos escritos para pedir que el caso se reabra. Les mantendré al tanto".[18] Sin embargo, ya desde junio de 2009 el Tribunal de Distrito de Puerto Rico había

---

[17] Id.

[18] Id.

declarado ha lugar la moción de American Airlines, Inc. para que el caso se trasladara a la Florida.

Cabe preguntarse, si según el letrado su gestión profesional cesó inmediatamente luego de que el caso salió de la jurisdicción del Distrito de Puerto Rico ¿por qué un año después insiste en decirle a sus clientes que continuará trabajando para que el caso se "reabra"? ¿Por qué el 14 de agosto de 2009 presentó una moción ante ese foro manifestando que no había podido reunirse con los abogados de la otra parte debido a una situación familiar? ¿Por qué -como explicaremos más adelante- en julio de 2009 negoció una transacción? Todos estos eventos provocaron incertidumbre en el quejoso en cuanto a lo que estaba ocurriendo con su caso y en cuanto a si, en efecto, el querellado los estaba representando.

Otro dato que se desprende del expediente es que durante el 7 y 13 de julio de 2009, es decir, luego de que el caso fuera trasladado a la Florida, la representación legal de la parte demandada se comunicó con el querellado con el propósito de coordinar las reuniones que había ordenado el foro federal. A pesar de que en sus comparecencias el querellado argumenta que su gestión profesional con el quejoso había culminado para ese entonces, este le contestó mediante correo electrónico a los abogados de American Airlines, Inc. lo siguiente:

Disculpe por no haberlo contactado antes.

> La Sra. [R.C.] está muy enferma. Ella está en estado vegetativo y no puede deponer. Recibirán la documentación médica que acredita su condición de salud. Respecto a la conferencia de Regla 16, les solicito que se aplace en lo que presento al final de la semana próxima una moción para el traslado del caso. Estoy recopilando la documentación que apoya esta moción, que de todas formas, debemos entergarle a ustedes.

> También aprovecho esta oportunidad para inquirirle sobre una posible transacción. No he hablado **con mis clientes** sobre una cantidad, pero pienso que $100,000.00 sería aceptable para ellos. (Traducción nuestra) (Énfasis nuestro).[19]

Nótese, que a pesar de haber dicho que no tenía obligación con el quejoso para esa fecha, a pesar de que insiste en que le comunicó a este que no podía practicar la abogacía en esa jurisdicción, el querellado le informa a la representación legal de la parte contraria que está dispuesto a transar el caso de **sus clientes**. Independientemente de que el quejoso hubiese tenido conocimiento de esa comunicación, la misma demuestra que el abogado Suárez Jiménez no fue honesto y honrado respecto a la información que le estaba brindando a las partes involucradas en el pleito. Todo esto contrasta con su versión de que le había indicado al quejoso que su

---

[19] Id. Exhibit VI. En el original:

Sorry I have not contacted you sooner.
Mrs. [R.C.] is very ill. She is in a vegetative state and cannot be deposed. You will be receiving medical documentation accrediting her medical condition. As to the Rule 16 conference, I request that we place this in abeyance pending a motion to remand that I will file before the end of next week. I am compiling documentation that supports this motion, that anyway, we have to produce to you.

I also take this opportunity to inquire about a possible settlement. I have not talked to my clients about an amount, but I think $100,000.00 would be acceptable to them.

gestión profesional estaba limitada única y exclusivamente a los procedimientos ante el Tribunal de Distrito de Puerto Rico.

Así pues, podemos concluir que la información provista por el licenciado Suárez Jiménez en este procedimiento disciplinario es inconsistente con la información brindada a sus clientes en cuanto a las gestiones que realizaría en el caso. Como mencionamos, el Canon 35 de Ética Profesional, supra, exige que los abogados desplieguen una conducta sincera y honrada ante los tribunales y sus representados. Evidentemente, la actuación exhibida por el licenciado Suárez Jiménez dista de esos estándares éticos.

### C. Infracción al Canon 38

El Canon 38 de Ética Profesional, supra, exige que los abogados se esfuercen, al máximo de su capacidad, en la exaltación del honor y de la dignidad de su profesión. Es decir, todo abogado debe conducirse de forma digna y honorable en su desempeño. Luego de estudiar detenidamente el expediente de autos, colegimos que la conducta desplegada por el licenciado Suárez Jiménez no exalta el honor ni la dignidad de la profesión. A la luz de la discusión que antecede, es evidente que la actuación del licenciado Suárez Jiménez acusa graves desviaciones de las normas éticas exigibles a todo miembro de la clase togada. Su conducta revela un patrón de conducta que lacera la buena imagen de la profesión ante la sociedad. En momentos como estos, no podemos vacilar en cuanto a los estándares

éticos que nos rigen. Cumplir con los requerimientos del tribunal, ser diligente en la tramitación de una causa, ofrecer información certera y exacta, son requisitos mínimos que todo abogado y abogada debe tener en cuenta a la hora de asumir una representación profesional. Esto es lo menos que cada cliente o clienta espera de un letrado.

**IV**

Por los fundamentos que anteceden, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Manuel Suárez Jiménez. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Manuel R. Suárez Jiménez                CP-2012-19

SENTENCIA

En San Juan, Puerto Rico, a 17 de diciembre de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Manuel Suárez Jiménez por infringir los Cánones 18, 20, 35 y 38 del Código de Ética Profesional. 4 LPRA Ap. IX.

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de 30 días a partir de la notificación de esta Sentencia.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Estrella Martínez no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo