EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Ernesto Lebrón González | 2017 TSPR 105 <br><br> 198 DPR _____ |

Número del Caso: CP-2015-8

Fecha:   8 de junio de 2017

Oficina del Procurador General:

     Lcda. Karla Pacheco Álvarez
     Subprocuradora general

     Lcda. Claudia Rosa Ramos
     Procuradora general auxiliar

Abogado de la parte querellada:

     Lcdo. Daniel Villarini Baquero

Materia:   La suspensión será efectiva el 20 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Ernesto Lebrón González                    CP-2015-8
(TS-7273)

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de junio de 2017.

I

El Lcdo. Ernesto Lebrón González (licenciado Lebrón González o querellado) fue admitido al ejercicio de la abogacía el 17 de noviembre de 1981 y prestó juramento como notario el 19 de mayo de 1982. El 9 de septiembre de 2011, la Lcda. Carmen M. Quiñones Núñez (licenciada Quiñones Núñez o quejosa) presentó una queja contra el querellado. Los hechos que dieron inicio a esta acción disciplinaria son los siguientes.

La licenciada Quiñones Núñez representaba a la Sra. Cynthia I. Cabeza Elías y al Sr. Raymond

Alfonso Rivera en el caso <u>Cynthia I. Cabeza Elías, *et al.* v. Ana del C. González, *et al.*</u>, Civil Núm. DDP2009-0826, sobre daños y perjuicios. En dicho pleito, el Tribunal de Primera Instancia desestimó una de las reclamaciones de la señora Cabeza Elías y el señor Alfonso Rivera, por lo que la licenciada Quiñones Núñez les recomendó que apelaran el dictamen ante el Tribunal de Apelaciones. Debido a que éstos no podían pagar los honorarios exigidos por la licenciada Quiñones Núñez para ese trámite, esta última les recomendó a la Lcda. Margarita Carrillo Iturrino. Sin embargo, tampoco pudieron sufragar los honorarios solicitados por la licenciada Carrillo Iturrino.

Así las cosas, la señora Cabeza Elías le explicó lo ocurrido a su amigo y vecino, el licenciado Lebrón González, quien se ofreció a redactar el recurso de apelación solamente, ya que no quería involucrarse en el caso. La señora Cabeza Elías aceptó su ayuda y el licenciado Lebrón González entendió que su participación se limitaría a la preparación del recurso y que la licenciada Quiñones Núñez lo firmaría. En cambio, cuando la señora Cabeza Elías le explicó el acuerdo a la quejosa, la licenciada Quiñones Núñez entendió que el querellado sería el abogado de récord ante el Tribunal de Apelaciones.

El jueves, 23 de junio de 2011 a las 6:30 p.m., la señora Cabeza Elías y el señor Alfonso Rivera le entregaron al licenciado Lebrón González los documentos relacionados al caso. En vista de que el término para presentar el recurso vencía el siguiente lunes, 27 de junio de 2011, el

querellado trabajó durante el fin de semana y logró terminar el escrito en la madrugada del último día para recurrir. Como no pudo conseguir la firma de la licenciada Quiñones Núñez, el licenciado Lebrón González decidió firmar a nombre de ésta, y presentó el recurso ante el Tribunal de Apelaciones.

Posteriormente, el 6 de julio de 2011, la quejosa recibió del foro apelativo una notificación de deficiencia, pero ese mismo día el querellado le informó que había atendido el asunto. Sin embargo, el 8 de julio de 2011 la licenciada Quiñones Núñez recibió otra notificación de deficiencia y se percató de que el licenciado Lebrón González no aparecía como abogado de récord. Unos días después, al examinar una copia del recurso de apelación, se percató que alguien lo había firmado con su nombre sin su consentimiento. En consecuencia, presentó una *Moción informativa* ante el Tribunal de Apelaciones.[1]

La licenciada Quiñones Núñez le recriminó a la señora Cabeza Elías y al querellado por haber firmado el recurso con su nombre.[2] El licenciado Lebrón González aceptó que no fue correcto firmar con el nombre de la licenciada pero "entendió que, desde el punto de vista moral, no estaba haciendo nada incorrecto, habiendo sido su propósito salvar

---

[1] Examinada la *Moción informativa* de la Lcda. Carmen M. Quiñones Núñez, el Tribunal de Apelaciones atendió el recurso como uno presentado por derecho propio y le ordenó a la licenciada Quiñones Núñez a informar en 5 días la dirección postal y física de la parte demandante.

[2] También le indicó a la señora Cabeza Elías que iba a renunciar a su representación legal.

la situación, es decir, que se presentara en tiempo el recurso".[3]

La licenciada Quiñones Nuñez envió una declaración jurada a la Oficina de la Procuradora General y solicitó que se amonestara al licenciado Lebrón González por su conducta. En su contestación a la queja, el querellado señaló que firmó el recurso a nombre de la licenciada de buena fe, con la mejor intención e interés, y que no le causó daño a nadie ni afectó el caso. Asimismo, indicó que todavía se le debían más de la mitad de los honorarios.

El 13 de noviembre de 2013, la Procuradora General rindió un informe. Determinó que el licenciado Lebrón González violó el Canon 35 de Ética Profesional, 4 LPRA Ap. IX, C. 35, por apartarse del deber de sinceridad y honradez. También señaló que mediante su conducta contravino el Canon 38 de Ética Profesional, 4 LPRA Ap. IX, C. 38, al no exaltar el honor y la dignidad de la profesión.[4] Posteriormente, emitimos una Resolución instruyendo a la Procuradora General a presentar la Querella correspondiente y ésta así lo hizo. Los cargos en contra del querellado son los siguientes:

Cargo I

El licenciado Ernesto Lebrón González infringió los preceptos de sinceridad y honradez del Canon 35 de Ética Profesional y no se esforzó, al máximo de su capacidad, en la exaltación del

---

[3] Informe de la Comisionada Especial, pág. 5.
[4] Recibido el Informe de la Procuradora General, emitimos una resolución concediéndole un término de 20 días al Lcdo. Ernesto Lebrón González para que se expresara en cuanto al mismo. Se le apercibió que de no comparecer en el término provisto, se allanaba a las recomendaciones formuladas por la Procuradora General. El licenciado Lebrón González no reaccionó al Informe.

honor y la dignidad de la profesión, aunque al así hacerlo conlleve sacrificios personales y no evitó hasta la apariencia de conducta profesional impropia en el trámite judicial en el caso KLCE201100831, al firmar el recurso presentado ante el Tribunal de Apelaciones en el referido caso bajo el nombre de otra abogada, firmando en lugar de su compañera de profesión, la licenciada Carmen M. Quiñones Núñez, defraudando su confianza, la del Tribunal de Apelaciones y la de sus clientes.

Cargo II

El licenciado Ernesto Lebrón González, en su conducta como funcionario del tribunal, infringió el deber de hacer su propia y cabal aportación a la administración de la justicia conforme a los preceptos del Canon 38 de Ética Profesional y al no actuar de forma digna, honorable, sincera y honrada en el trámite judicial en el caso KLCE201100831, al firmar el recurso presentado ante el Tribunal de Apelaciones en el referido caso bajo el nombre de otra abogada, firmando en lugar de su compañera de profesión, la licenciada Carmen M. Quiñones Núñez.

Por su parte, el licenciado Lebrón González contestó la querella y nuevamente aceptó que firmó el recurso con el nombre de la licenciada Quiñones Núñez. Sin embargo, señaló que la queja presentada era injusta, irrazonable e inmerecida porque no causó daño a las partes, cumplió con la labor encomendada y lo hizo con la intención de proteger el título de la licenciada Quiñones Núñez. Además, alegó que la quejosa inició el proceso disciplinario para desquitarse porque él le debe aproximadamente $500 por concepto de honorarios de abogado.[5] En consecuencia, solicitó la desestimación de la querella.

Examinada la querella y la contestación del licenciado Lebrón González, nombramos a la Hon. Jeannette Ramos

---

[5] Explicó que la licenciada Quiñones Núñez lo representó legalmente en un trámite de divorcio.

Buonomo, Ex Jueza del Tribunal de Apelaciones, como Comisionada Especial para que recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y las recomendaciones que estimara pertinentes.

Luego de varios trámites, la Comisionada Especial rindió un Informe. Concluyó que el querellado violó los Cánones 35 y 38 del Código de Ética Profesional, supra. Recomendó como sanción una censura enérgica, en vista de que el querellado: (1) no tuvo ánimo de lucro al falsificar la firma; (2) genuinamente pensó que la licenciada Quiñones Núñez aceptó representar a la señora Cabeza Elías y al señor Alfonso Rivera ante el Tribunal de Apelaciones y que le estaba haciendo un favor al evitar que el recurso se presentara tardíamente; (3) aceptó su falta; (4) pidió disculpas a la quejosa; y (5) está arrepentido de su conducta.

Examinemos la normativa aplicable a este asunto.

II

Nuestro Código de Ética Profesional, supra, establece unas normas mínimas de conducta aplicables a los miembros de la profesión legal en aras de "mantener un orden jurídico íntegro y eficaz". Preámbulo del Código de Ética Profesional, supra. En lo pertinente, el Canon 35 de Ética Profesional, supra, dispone que "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada".

Hemos reiterado que el referido canon se viola con el "simple *hecho objetivo de faltar a la verdad*". In re Astacio Caraballo, 149 DPR 790, 799 (1999)(énfasis en el original). Véase In re Prado Galarza, 195 DPR 894, 906 (2016); In re Suárez Jiménez, 192 DPR 152, 163 (2014). De manera que, para contravenir el deber que impone el Canon 35 del Código de Ética Profesional, supra, no es necesario que el abogado o abogada haya faltado a la verdad deliberadamente, de mala fe o que le haya causado perjuicio a un tercero. In re Reyes Coreano, 190 DPR 739, 756 (2014); In re Torres Vinals, 180 DPR 236, 247 (2010). Sin embargo, esas circunstancias podrían evaluarse al determinar la sanción disciplinaria a imponerse. In re Astacio Caraballo, supra.

Por otro lado, el Canon 38 de Ética Profesional, supra, requiere que los letrados exalten el honor y la dignidad de la profesión legal al máximo de su capacidad, aun cuando eso conlleve sacrificios personales. Además, deben evitar hasta la apariencia de conducta profesional impropia y conducirse de forma digna y honorable, tanto en su vida privada como en el ejercicio de la profesión.

Este Tribunal ha señalado que contraviene este canon la conducta que afecta las condiciones morales del abogado, de tal forma que lo hace indigno de pertenecer a este foro. In re Rodríguez López, 2016 TSPR 177, pág. 11, 196 DPR ___ (2016); In re Suárez Jiménez, supra, pág. 164; In re Reyes Coreano, supra, págs. 757-758. Por tanto, no es suficiente que el abogado o la abogada haya violado otros cánones de

ética profesional para concluir que también vulneró lo dispuesto en el mencionado canon. Por el contrario, procedería evaluar si la conducta ante nuestra consideración resulta contraria a la dignidad y el honor de la profesión. In re Rodríguez López, supra, págs. 11-12; In re Suárez Jiménez, supra; In re Reyes Coreano, supra, pág. 758.

Apliquemos este marco legal a los hechos ante nuestra consideración.

III

En el caso de autos, el licenciado Lebrón González falsificó la firma de la licenciada Quiñones Nuñez en un recurso presentado ante el foro apelativo intermedio.[6] Independientemente de las razones por las cuales incurrió en esa conducta, no cabe duda de que el querellado faltó a la verdad ante el tribunal, sus clientes y una compañera de la profesión. En consecuencia, violó lo dispuesto en el Canon 35 de Ética Profesional, supra. Además, mediante dicho acto, el licenciado Lebrón González no exaltó al máximo de su capacidad la dignidad y el honor de la profesión. Falsificar la firma constituyó un acto que, de por sí, transgredió las obligaciones del Canon 38 de Ética Profesional, supra. Cabe resaltar que al refrendar el escrito con una firma falsificada, además de mentirle al Tribunal, el licenciado Lebrón González dio al traste con

---

[6] Surge además de la copia del recurso que en la primera página se tachó la palabra "Apelación", incluida en el título, y se escribió a mano "Certiorari", seguido por las iniciales "C.Q.N.". Informe de la Procuradora General, Anejo VIII.

el propósito y la solemnidad que representa la firma de un abogado en nuestro ordenamiento legal. Véase Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 9.1.

IV

En vista de que los cargos contra el querellado se probaron mediante prueba clara, robusta y convincente, nos corresponde imponer una sanción disciplinaria. Para ello, consideraremos lo siguiente: "el historial previo del licenciado; su reputación en la comunidad; si la conducta se realizó con ánimo de lucro; si aceptó los cargos imputados; su arrepentimiento; y cualquier otra consideración que se estime pertinente." In re Toro González II, 193 DPR 877, 897 (2015).

La Comisionada Especial señaló en su Informe que el licenciado Lebrón González: (1) no tuvo ánimo de lucro al falsificar la firma; (2) genuinamente pensó que la licenciada Quiñones Núñez aceptó representar a la señora Cabeza Elías y al señor Alfonso Rivera ante el Tribunal de Apelaciones y entendió que le estaba haciendo un favor al evitar que el recurso se presentara tardíamente; (3) aceptó su falta; (4) pidió disculpas a la quejosa; y (5) está arrepentido de su conducta. Además, esta sería la primera vez que el querellado es sancionado por este Tribunal desde que juramentó como licenciado hace 35 años.[7]

En consideración a lo anterior, estimamos procedente suspender inmediatamente al licenciado Lebrón González por

---

[7] Actualmente tiene una queja pendiente ante este Tribunal. Véase AB-2014-0366.

un término de 1 mes del ejercicio de la abogacía y notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

Asimismo, se le apercibe que no será reinstalado a la profesión legal, hasta que no acredite mediante una certificación del Programa de Educación Jurídica Continua que cumplió con todos los periodos adeudados y que no debe el pago de cuota alguna por cumplimiento tardío.[8]

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Lebrón González y entregarlos al Director de la Oficina de Inspección de Notarías para el examen e informe correspondiente a este foro.

Notifíquese personalmente al licenciado Lebrón González esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

---

[8] Según informó el Programa de Educación Jurídica Continua, el licenciado Lebrón González incumplió con los periodos 2007-2009, 2009-2011, 2011-2013 y 2013-2016. En cuanto a ese último periodo, aún no se le ha notificado el *Aviso de Incumplimiento*.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In Re:


Ernesto Lebrón González
(TS-7273)                              CP-2015-8


SENTENCIA

En San Juan, Puerto Rico, a 8 de junio de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al Lcdo. Ernesto Lebrón González por un término de 1 mes del ejercicio de la abogacía y notaría. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere acarrear que no se le reinstale cuando lo solicite.

Asimismo, se le apercibe que no será reinstalado a la profesión legal, hasta que no acredite mediante una certificación del Programa de Educación Jurídica Continua que cumplió con todos los periodos adeudados y que no debe el pago de cuota alguna por cumplimiento tardío.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Lebrón González y entregarlos al Director de la Oficina de Inspección de Notarías para el examen e informe correspondiente a este foro.

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres disiente y emitiría una censura enérgica, como recomendó la Comisionada Especial. La Jueza Asociada señora Pabón Charneco suspendería al Lcdo. Ernesto Lebrón González del ejercicio de la profesión por un término de tres (3) meses. El Juez Asociado señor Colón Pérez hace constar la siguiente expresión:

> "El Juez Asociado señor Colón Pérez concurre con el resultado alcanzado por una mayoría de este Tribunal. Ello, dado a que, si bien coincidimos en que el licenciado Ernesto Lebrón González infringió los Cánones 35 y 38 de Ética Profesional, 4 LPRA Ap. IX, y que, en consecuencia, procede la suspensión de éste del ejercicio de la abogacía y la notaría, no estamos de acuerdo con que su sanción se limite a un término de un (1) mes. Ello pues, en el proceso disciplinario ante la consideración de este Foro quedó claramente demostrado, y así lo acepta el propio licenciado Lebrón González, que éste -- de manera deliberada, y utilizando medios inconsistentes con la verdad, -- falsificó la firma de una compañera abogada (la licenciada Carmen Quiñonez Núñez). A nuestro juicio, dicha conducta, la cual en ocasiones pudiese tener como resultado el inducir a error a las partes en un pleito y/o al propio Tribunal, es una altamente reprochable. No olvidemos que la falsificación de una firma en un documento podría constituir un delito si se hiciere con la intención de defraudar. Art. 219 del Código Penal de 2004, 33 LPRA ant. sec. 4847. Así las cosas, evaluada la conducta empleada por el licenciado Lebrón González en el ejercicio de sus funciones como abogado, somos de la opinión que procede suspender al mismo del ejercicio de la abogacía por un término de tres (3) meses".

El Juez Asociado señor Feliberti Cintrón inhibido.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo