EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Maritza Ortiz Sánchez | 2019 TSPR 16 <br><br> 201 DPR ____ |

Número del Caso: CP-2016-2
             (TS-19,522)


Fecha: 29 de enero de 2019


Oficina del Procuradora General:

        Lcda. Karla Pacheco Álvarez
        Subprocuradora General

        Lcdo. Joseph Feldstein del Valle
        Subprocurador General

        Lcda. Minnie H. Rodríguez López
        Procuradora General Auxiliar

        Lcda. Carmen Riera Cintrón
        Procuradora General Auxiliar

 Abogado de la parte querellada:

        Por derecho propio


Materia: Conducta Profesional – La suspensión será efectiva el 8 de febrero de 2019. Fecha en que se le notificó a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

| | | |
|---|---|---|
| Maritza Ortiz Sánchez (TS-19,522) | CP-2016-2 | Conducta Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de enero de 2019.

La Lcda. Maritza Ortiz Sánchez (licenciada Ortiz o querellada) fue admitida al ejercicio de la abogacía el 27 de agosto de 2013 y a la práctica de la notaría el 14 de octubre de 2013. La licenciada Ortiz se distanció de los Cánones 9, 11, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), al remitir al Oficial Jurídico de uno de los Jueces de este Foro, copia de una moción en auxilio de jurisdicción que presentó, ese mismo día, ante nuestra Secretaría y posteriormente responder a las advertencias del oficial jurídico a través de mensajes en tono desafiante e irrespetuoso.

Asimismo, durante el procedimiento disciplinario instado en su contra a raíz de lo anterior, no fue sincera y ofreció respuestas que pretendían inducir a error contrario a lo dispuesto en los Cánones 35 y 38. Como veremos próximamente, su comportamiento amerita la suspensión del ejercicio de la abogacía y la notaría por el término de tres (3) meses. Veamos.

**I**

**A. Hechos que dan lugar a la Queja AB-2014-201**

El 11 de junio de 2014 la licenciada Ortiz presentó ante este Foro una moción en auxilio de jurisdicción en el asunto <u>Maritza Ortiz Sánchez v. Departamento de la Familia</u>, MC-2014-154, relacionado con una disputa sobre la custodia de su hija menor de edad, A.B.O. En horas de la mañana de ese día la letrada remitió, a través de la red social profesional LinkedIn, una copia de dicha moción al Lcdo. Gabriel Maldonado González (licenciado Maldonado), quien para ese entonces fungía como Oficial Jurídico de la Hon. Mildred G. Pabón Charneco, Jueza Asociada de este Tribunal. Es menester mencionar que en el perfil del licenciado Maldonado en LinkedIn, surgía claramente el puesto que éste ostentaba en este Foro para ese momento. En vista de lo anterior, el licenciado Maldonado respondió alertando a la licenciada Ortiz que su conducta podría contravenir los Cánones de Ética Profesional. Específicamente, en su correo electrónico el licenciado Maldonado expresó:

Desconozco cuál es el propósito de estos mensajes que me está enviando. Si se trata de un caso pendiente ante el Tribunal, le recuerdo que es contrario a los Cánones de Ética Profesional el que un abogado se comunique con un juez o sus empleados referente a un caso pendente lite.

Esa misma mañana la licenciada Ortiz replicó al mensaje del licenciado Maldonado, empleando, según este último, un tono desafiante.[1] Además, en su comunicación hizo alusión al caso ante la consideración de este Tribunal. En particular, la licenciada Ortiz consignó:

[E]so es precisamente lo más Q OTROS (one way) se ha violado en MI caso. SE siguen cometiendo DELITOS en mi caso y TODOS siguen haci[é]ndose de la vista larga salvo para amenazarme a m[í] con c[á]nones q[ue] se sacan seg[ú]n quien los invoque o dizque de factura s[ú]per ancha pero solo para juzgar a quien suplica socorro de la mejor manera q[ue] puede… q[ue] en definitiva NO era el q[ue] se le asignara a usted o a quien sea q[ue] atender[í]a mi caso en un futuro (radicado ayer). [E]sa supuesta influencia hacia quien no tengo idea si le tocara o no relacionarse con mi caso NO es inmoral y es una minucia cuando se compara con lo importante descrito ya. [Y]o desconozco el grado de impacto o de supuesta influencia si alguna, pues la meta ES otra: llamar la atención de TODOS y q[ue] se les mueva una fibra humana por los MENORES como ABO y sus spokeperson como YO! "Ocean Park Cases" NO atiende el desgarre importante de tantos niños como ABO! Usted fue el que public[ó] sus intimidades… y mi licencia NO es m[á]s importante q[ue] mi hija! **Rad[í]queme una queja a ver si por fin a alguien se le pega y no se le olvida el nombre de mi hijita ABO!** [A]gain, a tsunami within yourselves o una voz d[e] alerta dentro d[e] este oc[é]ano obscuro donde no se nos escucha e[s] mejor que NADA! Pl[ea]s[e] spread the word ayude a alertar no solo mi alegada violaci[ó]n [é]tica

---

[1] En ocasiones nos referiremos a este mensaje de respuesta como "segundo mensaje".

d[e] hoy sino TODO! Otherwise and again gracia[s] por nada. [C]on infinita paz y pulcritud! (Énfasis nuestro).

Una vez el licenciado Maldonado recibió este mensaje, borró y bloqueó a la licenciada Ortiz de su cuenta en la referida red social. Acto seguido, informó lo acontecido a su supervisora, la Jueza Asociada, Hon. Mildred G. Pabón Charneco.

## B. Trámite Disciplinario

El 19 de junio de 2014 el licenciado Maldonado presentó una queja en contra de la licenciada Ortiz, la cual dio origen al procedimiento disciplinario que nos ocupa. Según lo dispone la Regla 14(d) de nuestro Reglamento, 4 LPRA Ap. XXI-B (Supl. 2018), el 17 de julio de 2014 la Secretaría de este Foro le remitió una carta a la licenciada Ortiz otorgándole un término de diez (10) días para presentar su contestación a la queja. A tono con lo anterior, el 31 de julio de 2014 la letrada reaccionó a la queja. Arguyó, en síntesis, que: (1) no existía prueba de que, en efecto, hubiese sido ella quien envió el mensaje al licenciado Maldonado; (2) el mensaje no era desafiante ni estaba reñido con los Cánones de Ética Profesional, y (3) el licenciado Maldonado mintió al aseverar que la letrada conocía que él se desempeñaba como oficial jurídico en el Tribunal Supremo.[2]

---

[2] Según veremos más adelante, además de reaccionar sobre el proceso disciplinario iniciado en su contra, la Lcda. Maritza Ortiz Sánchez (licenciada Ortiz) utilizó sus escritos para proferir ataques directos en contra del Lcdo. Gabriel Maldonado González y de este Tribunal. En específico, en la *Réplica* a la queja la licenciada expresó:
. . . . . . . .

Contando con la posición de ambas partes, el 23 de enero de 2015 le referimos copia del expediente a la entonces Procuradora General, Lcda. Margarita Mercado Echegaray,**3** para la correspondiente investigación e informe a tenor de la Regla 14(d) del Reglamento de este Foro. El 9 de abril de 2015 la Oficina de la Procuradora General le cursó a la letrada una misiva en la que le concedió hasta el 20 de abril de 2015 para que contestara ciertas interrogantes. Al no recibir contestación alguna, el 6 de mayo de 2015 se le envió una segunda notificación.**4** No obstante, el 11 de mayo de 2015 la Oficina de la Procuradora General advirtió que la letrada había cambiado su dirección postal, por lo que le remitió nuevamente el requerimiento de información a la nueva dirección.

---

6. Por el contrario, el segundo mensaje, a nosotros solamente nos parece desgarrador y en defensa propia, ante la **actitud nada profesional de los ataques "con marcada grandiosidad"**, previos, **escritos por el propio Lcdo. Maldonado-González**, sin conocernos.

7. Por otro lado, aprovechamos la invitación para que, por favor, **así como se saca tiempo para disciplinarnos, también se invierta tiempo para leer el segundo Hábeas Corpus que hemos solicitado y radicado ante este mismo Honorable Tribunal Supremo** en dos ocasiones (el 25 de octubre de 2012 y ahora este del 30 de junio de 2014), que hoy anejamos con esta contestación. De hecho, el alegado caso MC2014-154, de manera claramente injusta, **ni tan siquiera llegó a subir al rango de "estar bajo la consideración" de nadie, dentro del Tribunal Supremo de P.R., pues nunca fue ni siquiera atendido por este Honorable Tribunal Supremo en lo absoluto tampoco.** (Subrayado en el original, negrillas nuestras y notas al calce omitidas).

. . . . . . . .

**3**    En el momento en que se inició el presente procedimiento disciplinario en contra de la licenciada Ortiz, la Lcda. Margarita Mercado Echegaray (licenciada Mercado) fungía como Procuradora General. En aquellas partes del relato de los hechos durante los cuales la licenciada Mercado ostentaba dicho puesto nos referiremos a ella como Procuradora General u Oficina de la Procuradora General. No obstante, a partir de enero de 2017 el Lcdo. Luis R. Román Negrón asumió dicha encomienda, por lo que en el relato de los procesos llevados a cabo con posterioridad a dicha fecha nos referiremos a este último como Procurador General.

**4**    Tanto la carta del 9 de abril de 2015, así como la del 6 de mayo del mismo año, fueron remitidas a la dirección postal que constaba en los récords de la Oficina de la Procuradora General.

Específicamente se le preguntó si fue ella quien: (1) envió el mensaje de 12 de junio de 2014 al licenciado Maldonado; (2) incluyó, en dicho mensaje, copia del auxilio en el recurso MC-2014-154; (3) respondió al mensaje remitido por el licenciado Maldonado, y (4) redactó dicha respuesta. Además, se le preguntó si el perfil de LinkedIn, desde el cual se le enviaron los mensajes al licenciado Maldonado, le pertenecía y si del perfil del licenciado Maldonado surgía que éste se desempeñaba como Oficial Jurídico de este Tribunal.

Así las cosas, el 11 de mayo de 2015 la licenciada Ortiz sometió una *Réplica a Preguntas de la Lcda. Pacheco*.[5] En la misma adujo que el mensaje enviado al licenciado Maldonado se realizó de manera inadvertida al puesto que ocupaba y que el mismo mensaje fue remitido, a su vez, a por lo menos veinte (20) funcionarios de la Rama Judicial y a diez (10) periodistas ante "el desespero y el malestar de la familia materna completa ante la pérdida indefinida de lo que más se ama (A.B.O)".[6] A pesar de que al inicio de su escrito la licenciada Ortiz indicó que iba a contestar las preguntas sometidas por la Oficina de la Procuradora General, la realidad es que ésta fue evasiva en torno a la mayoría de los temas inquiridos. De otra parte, al igual que en su contestación a la queja, la

---

[5]     Para esa fecha la Lcda. Karla Z. Pacheco Álvarez fungía como Sub Procuradora General.

[6]     Ello refiriéndose a un proceso legal relativo a la custodia de su hija.

licenciada Ortiz incluyó expresiones desafortunadas en contra del licenciado Maldonado y de esta Institución.[7]

El 29 de mayo de 2015, la Oficina de la Procuradora General presentó su Informe. Sostuvo que las expresiones vertidas por la licenciada Ortiz en sus comparecencias ante este Tribunal y ante dicha Oficina evidenciaban su violación a los Cánones 9 y 11 de ética profesional. Señaló que la letrada aseguró haberle enviado el primer mensaje objeto de la presente queja a no menos de veinte (20) funcionarios del Tribunal General de Justicia con la intención de que alguien la pudiera ayudar en los casos relacionados con su hija. Coligió que el hecho de que la licenciada Ortiz hubiese seleccionado a los destinatarios de dicho mensaje a base de sus posiciones en la Rama Judicial constituye prueba clara de su deseo de influenciar el resultado de su caso. Igualmente, planteó que la promovida transgredió el Canon 11 al incluir en el segundo mensaje una referencia al caso MC-2014-154, por constituir ello una comunicación *ex parte* con el ayudante de una de las Juezas llamadas a decidir el caso. La Procuradora General concluyó, además, que al responder al mensaje del licenciado Maldonado, poner en entredicho la

---

[7] Por ejemplo, en la *Réplica a Preguntas de la Lcda. Pacheco*, la licenciada Ortiz aseveró: "todo lo que alegó el Sr. Maldonado, SIGUE y ES fácilmente manipulable y diariamente se manipula y se puede cambiar, para precisamente hacer daño, como es el caso aquí". En cuanto a este Foro, añadió: "[l]o que conocíamos es que la copia del documento público radicado y disponible en las redes sociales desde el día #1 para quienes escogen leerlo y no borrarlo, fue en efecto copiado a no menos de 20 funcionarios que alegaban trabajaban o se identificaban como que trabajan o trabajaban para diferentes tribunales dentro del Gran Tribunal General de Justicia, incluyendo el **Tribunal Supremo, en donde todo, desde nuestro punto de vista de mamá NO OFENSORA, cae en oídos sordos**". (Énfasis nuestro). *Réplica a Preguntas de la Lcda. Pacheco*, pág. 2.

honestidad de este Foro e invitar a uno de sus funcionarios a presentar una queja en su contra, también infringió el Canon 9.

Por otro lado, a pesar de que la licenciada Ortiz insinuó que no había prueba de que fue ella quien envió el mensaje inicial, la Procuradora General afirmó que la autoría del mismo había quedado demostrada mediante evidencia robusta y convincente. Entre otros aspectos, aludió a que el lenguaje, el tono y el estilo empleados, así como el alternar entre el idioma español e inglés, son cónsonos con una multiplicidad de escritos presentados por la licenciada Ortiz ante este Tribunal en el procedimiento disciplinario de marras y en otras quejas iniciadas por la letrada.

Por último, la Procuradora General entendió que la licenciada Ortiz fue evasiva y ambigua al responder a la queja y a los requerimientos de dicha Oficina incumpliendo de este modo con su deber de someter información necesaria para completar la investigación correspondiente.

Asimismo, sostuvo que las insinuaciones de la letrada de que la evidencia pudo haber sido manipulada y que otras personas pudieron haber sido responsables del escrito sin señalar a nadie en específico, tenían como propósito inducir a error a dicha Oficina y a este Tribunal. Conforme a ello, estimó que la licenciada Ortiz incumplió, además, con las obligaciones impuestas por el Canon 35. A tenor con lo anterior, la Procuradora General recomendó la

designación de un Comisionado Especial para que procediera conforme a la Regla 14 del Reglamento de este Foro.

El 2 de junio de 2015 la licenciada Ortiz presentó una primera *Réplica*. En la misma admitió haber enviado los mensajes a través de las redes sociales, con el fin de llamar la atención al caso de custodia de su hija.[8] No obstante, expresó que redactó los escritos en calidad de madre y no como abogada. En cuanto a la violación imputada al Canon 9, la licenciada Ortiz sostuvo que ninguna de sus actuaciones hasta ese momento era de tal magnitud que requiriera presentar sus disculpas a este Tribunal. Por otro lado, argumentó que, al no haber constancia de que, en efecto, el licenciado Maldonado estuviese atendiendo el recurso, no cabe hablar de influencia indebida ni de violación al Canon 11. En torno a ese tema, agregó que sus mensajes estaban protegidos por el derecho a la libertad de expresión y una determinación nuestra de que los mismos constituyen influencia indebida sería inconstitucional, por tratarse de una censura previa. Por último, en cuanto al Canon 35 aseguró no haberle mentido a este Tribunal y se comprometió a mejorar su conducta. Es menester señalar que la licenciada Ortiz dedicó gran parte de su escrito a levantar señalamientos

---

[8]   Según la licenciada Ortiz, eligió este medio de comunicación pues, a su entender, "recurrir a este más importante foro revisor en Puerto Rico es muy parecido a tirarle piedras a la luna". *Réplica* de 2 de junio de 2015, pág. 1.

en contra de la oficina de la Procuradora General y de la Lcda. Ana López Prieto (licenciada López).[9]

El 20 de julio de 2015 la licenciada Ortiz presentó una segunda réplica en la cual planteó que el *Informe de la Procuradora General* estaba hueco y carecía de objetividad. Negó conocer al licenciado Maldonado y reiteró que no existía prueba de que éste estuviese atendiendo el asunto presentado ante este Foro. Además, le escribió en su rol de mamá y no como abogada o en representación de algún cliente. Consiguientemente, aseguró que su actuación no transgredió ningún canon de ética profesional.

Atendido el *Informe de la Procuradora General*, así como las réplicas sometidas por la licenciada Ortiz, el 18 de marzo de 2016 emitimos una Resolución mediante la cual le ordenamos a la Procuradora General que presentara la correspondiente Querella conforme a lo dispuesto en la Regla 14 de nuestro Reglamento.

De conformidad con lo anterior, el 6 de junio de 2016 la Procuradora General sometió la correspondiente Querella donde se le imputaron a la licenciada Ortiz cuatro (4) cargos éticos. Específicamente, se le atribuyó violar: (1) los Cánones 9 y 11 al incurrir en conducta dirigida a ejercer influencia sobre un asunto pendiente ante la consideración de este Tribunal (Cargos I y II); (2) el

---

[9] De los documentos ante nuestra consideración surge que la Lcda. Ana López Prieto (licenciada López) fungía como representante legal del padre biológico de A.B.O., hija de la licenciada Ortiz, en el proceso legal relativo a la custodia de la menor.

Canon 35 por no ser sincera ni honrada, además de evadir las preguntas incluidas en el requerimiento cursado durante la investigación de la queja AB-2014-201 y, debido a que sus contestaciones, tanto en el trámite de la queja como en los interrogatorios, pretendieron inducir a error al intimar que no fue ella la persona que redactó los mensajes electrónicos (Cargo III), y (3) el Canon 38 al no conducirse de forma que exalte el honor y la dignidad de la profesión legal (Cargo IV).

El 7 de junio de 2016 se expidió un *Mandamiento para Contestar Querella sobre Conducta Profesional*, el cual se diligenció personalmente el 8 de junio de 2016. Mediante el mismo se le concedió a la licenciada Ortiz un término de quince (15) días para reaccionar a la Querella. No habiendo recibido respuesta alguna, el 22 de julio de 2016 se le otorgó un término final e improrrogable de diez (10) días a la letrada y se le apercibió que su incumplimiento conllevaría la continuación de los procedimientos sin su comparecencia.

En cumplimiento con lo anterior, la licenciada Ortiz compareció oportunamente mediante *Moción en Cumplimiento de Orden y Réplica a Querella CP-2016-2*. Reiteró sus argumentos anteriores. Así pues, alegó que los mensajes fueron enviados a no menos de 20 funcionarios del Tribunal General de Justicia, en su rol de madre, con la única intención de llamar la atención al caso de custodia de su hija, pero que no conocía al licenciado Maldonado, ni

sabía que éste trabajaba en el Tribunal Supremo de Puerto Rico. Añadió que, al escribir como madre y no como abogada, el asunto que se está atendiendo dentro del presente procedimiento disciplinario es uno privado y está cobijado por su derecho a la libertad de expresión. En consecuencia, solicitó que se desestimara el mismo.

Examinada la Querella, el 14 de febrero de 2017 designamos a la Hon. María Inés Cartagena Colón para que, a título de Comisionada Especial, celebrara una Vista Evidenciaria y nos rindiera un Informe con las determinaciones de hechos y recomendaciones que estimara pertinentes. Conforme a lo anterior, la Comisionada Especial citó a una vista inicial el 13 de marzo de 2017 para conocer el estado de los procedimientos. Con posterioridad las partes presentaron el *Informe sobre Conferencia entre Abogados* donde estipularon que la licenciada Ortiz: (1) utilizó una cuenta de LinkedIn para enviarle dos mensajes de correo electrónico al licenciado Maldonado; (2) notificó al licenciado Maldonado un recurso que recién había sometido ante este Tribunal; (3) originalmente no admitió violación alguna, e inclusive le remitió al licenciado Maldonado un mensaje en tono desafiante, y (4) aunque no conocía al licenciado Maldonado, sí observó que éste trabajaba para la Rama Judicial cuando envió los dos mensajes de correo electrónico. Es menester señalar que, en dicho Informe, así como en varios escritos posteriores, la licenciada

Ortiz reconoció que había cometido un grave error al enviarle los mensajes de correo electrónico al licenciado Maldonado y al reprocharle o dirigirse a éste en tono desafiante e irrespetuoso. Mostró, además, total arrepentimiento y aseguró haber actuado como resultado de la desesperación ocasionada por los procesos relativos a la pérdida de la custodia de su hija.[10]

Luego de varios incidentes procesales, el 5 de junio de 2017 se celebró la Vista en su Fondo a la cual comparecieron la Procuradora General Auxiliar, Lcda. Minnie H. Rodríguez López, y la licenciada Ortiz. Además de marcarse la prueba documental estipulada, declararon tres (3) testigos de reputación a favor de la letrada. Al concluir, se les concedió a las partes un término de treinta (30) días para presentar sus argumentos finales por escrito.

De conformidad con lo anterior, el 7 de agosto de 2017 el Procurador General sometió su escrito. Planteó que, de la prueba admitida, así como del trámite del asunto ante nosotros se deprende que la licenciada Ortiz no fue sincera ni honrada al negar hechos que eran de su conocimiento y que, de hecho, admitió posteriormente por

---

[10] El 5 de junio de 2017 la licenciada Ortiz sometió un *Memorando de Derecho* en el que pormenorizó algunas de los eventos acaecidos en el caso de custodia de su hija que, según expresó la letrada, la indujeron a actuar como lo hizo. Aceptó que estos incidentes de ninguna manera excusaban o justificaban su comportamiento, pero quizás podían servir de atenuantes. Para finalizar, imploró perdón por su comportamiento.

Por otro lado, en una *Moción en Cumplimiento de Orden* presentada el 28 de junio de 2017, la licenciada Ortiz suplicó que, teniendo en consideración la crítica situación personal que estaba viviendo cuando envió los mensajes al licenciado Maldonado, seamos lenientes y no le exijamos actuar de forma deshumanizada.

lo que su conducta fue impropia o al menos tuvo la apariencia de ser impropia, todo ello en contravención a lo preceptuado en los Cánones 35 y 38 del Código de Ética Profesional. Del mismo modo, consignó que la conducta de la letrada no sólo dio la apariencia de haber intentado ejercer influencia en el caso sometido ante nos, sino que en realidad trató de ejercer influencia en el asunto, en violación a los Cánones 9 y 11 del mismo cuerpo normativo.

Finalmente, el 21 de agosto de 2017 la Comisionada Especial sometió su Informe. Destacó que la licenciada Ortiz aceptó haber enviado los dos correos electrónicos al licenciado Maldonado, uno de ellos en tono desafiante e irrespetuoso. Añadió que la querellada tampoco cooperó con el proceso de investigación al ofrecer respuestas evasivas con las que pretendió inducir a error. Concluyó que, a base de los hechos que dieron lugar a la queja, así como por el comportamiento exhibido durante el proceso disciplinario, la licenciada Ortiz incurrió en violación a los Cánones 9, 11, 35 y 38 del Código de Ética Profesional.

De otra parte, la Comisionada Especial reconoció que durante el transcurso de las vistas la letrada se mostró humilde, respetuosa, arrepentida y cumplió con las directrices impartidas. Añadió que los hechos que dieron lugar a la queja, así como el trámite disciplinario, ocurrieron mientras la licenciada Ortiz se encontraba atravesando una crisis emocional y familiar a raíz de la

pérdida de la custodia de su hija menor. Por consiguiente, recomendó la imposición de una medida disciplinaria leve dado que, entre otras cosas, la letrada goza de buena reputación; no ocasionó perjuicio a terceros; no existió ánimo de lucro en su proceder, aceptó sus faltas y se arrepintió de las mismas.

Culminado el proceso ante la Comisionada Especial nos corresponde evaluar las actuaciones de la licenciada Ortiz a la luz del derecho aplicable. Veamos.

## II

Al prestar juramento para ejercer la profesión, los abogados se comprometen a desempeñar con lealtad los deberes y responsabilidades que le imponen la ley y el Código de Ética Profesional, 4 LPRA Ap. IX (2012 y Supl. 2018). Este último cuerpo normativo contiene las pautas mínimas de conducta que los letrados deben desplegar ante sus clientes, la sociedad, los compañeros de profesión y las instituciones de justicia. *In re* Vilches López, 196 DPR 479 (2016); *In re* Villalba Ojeda, 193 DPR 966 (2015).

**Canon 9**

En particular, el Canon 9 exige que los togados exhiban un comportamiento respetuoso ante los tribunales. En su parte pertinente, dispone:

> El abogado debe observar para con los tribunales una conducta que **se caracterice por el mayor respeto. Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden en la administración de la justicia en los tribunales.** (Énfasis nuestro).

Por medio de lo preceptuado en el Canon 9 no se pretende imponer a los abogados una mordaza previa en cuanto a sus expresiones. *In re* Markus, 158 DPR 881 (2003). Ciertamente, éstos tienen el derecho de esgrimir todos los planteamientos que estimen necesarios a favor de los derechos de sus clientes o, como en el caso de autos, al defenderse de un procedimiento disciplinario instado en su contra. Íd. "[N]o obstante, esas expresiones, escritos y críticas deben ser realizadas de manera correcta y respetuosa […]". Íd., pág. 884.

No existe justificación para que los letrados laceren la dignidad de los miembros de la judicatura o de alguna otra persona con el fin de reclamar derechos o resolver las controversias. *In re* Pagán, 116 DPR 107 (1985). Es por ello que hemos reiterado que, aun en su faena de defender los derechos de sus clientes, los abogados no tienen "licencia absoluta en el uso del lenguaje […]". *In re* Cardona Álvarez, 116 DPR 895, 906 (1986). El utilizar lenguaje impropio, irrespetuoso u ofensivo, en las expresiones verbales o escritas, en lugar de argumentos persuasivos, atenta contra la solemnidad y el respeto que se le debe a los tribunales y demuestra escasa competencia intelectual. *In re* Irizarry Rodríguez, 193 DPR 633 (2015).

De otra parte, en numerosas ocasiones hemos expresado que "la **crítica constructiva** a la labor judicial siempre es bienvenida y necesaria por cuanto […] constituye la

'medicina' más eficaz y necesaria para mejorar la labor judicial que realizamos". (Énfasis nuestro). *In re* Markus, *supra*, pág. 884. No obstante, el letrado que critica injustificada y viciosamente las decisiones emitidas por los jueces de este país no cumple con su obligación de mantener y promover la imagen de la justicia. Íd.

**Canon 11**

El Canon 11 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), prohíbe a todo abogado que se comunique o discuta con un juez los méritos de un caso pendiente ante su consideración en ausencia de la otra parte. De igual modo dispone que todo abogado que incurre en cualquier tipo de actuación encaminada a obtener especial consideración personal de un juez merece ser reprendido.

Según hemos reiterado, "la justicia deber ser inmaculada no sólo en su realidad interior sino también en su apariencia externa". *In re* Rodríguez Torres, 104 DPR 758, 766 (1976). Véase, además, *In re* Rodríguez Ortiz, 135 DPR 683 (1994). De este modo, la prohibición contenida en el Canon 11 va dirigida a evitar que los abogados incurran en cualquier tipo de comportamiento que pudiese aparentar que se está ejerciendo alguna influencia indebida en el juzgador. *In re* Rodríguez Torres, *supra*. Ello pues, el ejercer algún tipo de influencia, ya sea la misma expresa, sutil, o inclusive imaginaria, sobre cualquier organismo judicial y sus funcionarios, ha sido

considerado conducta altamente impropia. *In re* Marchand Quintero, 151 DPR 973 (2000); *In re* Rodríguez Ortiz, *supra*. En esa línea le está vedado a los abogados comunicarse con un juez, o con algún ayudante de éste, con el propósito de brindarle algún documento o información sobre un caso ante su consideración, por tener dicha actuación, cuando menos en apariencia, el efecto de afectar el proceso decisorio del tribunal. *In re* Rodríguez Ortiz, *supra*.

Los abogados no pueden olvidar que, en nuestro sistema de gobierno, la confianza del Pueblo en el Poder Judicial es de suma importancia para mantener la armonía social. *In re* Rodríguez Ortiz, *supra*; *In re* Rodríguez Torres, *supra*. Ello le impone a los abogados la encomienda de ejercer su gestión profesional con la más cuidadosa autodisciplina y evitando siempre aun la más leve apariencia de actuaciones indebidas. Íd.

**Canon 35**

Por su parte, el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), dispone, en su parte pertinente:

> **La conducta de cualquier miembro de la profesión legal ante los tribunales**, para con sus representados y en las relaciones con sus compañeros **debe ser sincera y honrada.**
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad **ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.** (Énfasis nuestro).

"La profesión jurídica está predicada en la búsqueda y defensa de la verdad. Por lo tanto, resulta inherentemente contrario a su función que un abogado se desvíe de su obligación de ser sincero y honrado en toda faceta en que se desempeñe, ya sea en su vida profesional o privada". *In re* Sierra Arce, 192 DPR 140, 147 (2014). Véase, además, *In re* Ramírez Salcedo, 196 DPR 136 (2016). Es decir, el deber de ser fiel a la realidad trasciende la gestión profesional de los abogados, incluyendo aquellas facetas de su vida en las que éste se despoja de su toga de abogado para convertirse en un ciudadano común. *In re* Fingerhut Mandry, 196 DPR 327 (2016).

Conforme a lo anterior, surge meridianamente claro que los preceptos contenidos en el Canon 35 se transgreden con el solo hecho de faltar a los valores de honradez y veracidad, pilares fundamentales de la profesión legal. *In re* Pagán Díaz, 198 DPR 398 (2017); *In re* Lebrón González, 198 DPR 350 (2017). Para ello no es necesario que el letrado haya incurrido en dicha conducta deliberadamente o de mala fe. Íd. Tampoco incide en el análisis ético bajo el Canon 35 el hecho de que no se le haya causado perjuicio a un tercero. Íd.

Para actuar conforme al claro mandato consignado en el Canon 35 los letrados deben asegurarse que no proveen información falsa o inconsistente con la verdad y no ocultan información cierta que deba ser revelada. *In re* Ramírez Salcedo, *supra*. Tampoco deben inducir a error al

tribunal o a sus compañeros de la profesión utilizando artimañas u ofreciendo una relación falsa de los hechos o del Derecho. Íd. De igual manera, tienen una "obligación ineludible de asegurarse que los datos consignados en cada documento que firma[n] o redacta[n] son veraces." Íd., pág. 150.

> La mentira degrada el carácter y envilece el espíritu y es antítesis de la conducta recta y honorable que el Código de Ética Profesional exige de todo abogado. La palabra de éste debe en todo momento ser tan buena y tan leal como la del propio magistrado, porque tanto el juez como el abogado son partícipes en una función excelsa que jamás debe ser lastimada por la falsedad. In re Ramos y Ferrer, 115 DPR 409, 412 (1984) (Sentencia).

**Canon 38**

Por último, el Canon 38 del Código de Ética profesional, 4 LPRA Ap. IX (2012), instituye el deber de todo abogado de exaltar el honor y la dignidad de su profesión y de evitar hasta la apariencia de conducta profesional impropia. Ello implica que todo letrado debe desempeñarse de forma escrupulosa y guiado por un alto sentido de responsabilidad, teniendo siempre presente la función social que ejerce y la institución que representa. In re Fingerhut Mandry, 196 DPR 327 (2016).

## III

Analizada la normativa disciplinaria pertinente entendemos que, conforme refleja el Informe de la Comisionada Especial, la licenciada Ortiz infringió los Cánones 9, 11, 35 y 38 de Ética Profesional según imputados en la Querella. No obstante, previo a

adentrarnos en materia ética sustantiva es preciso disponer un asunto preliminar levantado por la letrada en su defensa.

Así pues, es menester aclarar que la letrada compareció en el asunto MC-2014-154 representándose a sí misma como abogada. Ésta optó por acudir ante este Foro, mediante una moción en auxilio de jurisdicción dentro de un proceso judicial relativo a la custodia de su hija menor de edad, **por derecho propio** dado que **poseía preparación formal como abogada**. Firmó su escrito utilizando el número del Registro Único de Abogados y Abogadas (RUA) que se le asignó al prestar juramento como abogada en esta jurisdicción.[11] Igualmente aparece su número de RUA como identificación en la declaración jurada que suscribió como parte del recurso. Precisamente el procedimiento disciplinario que se instó en contra de la licenciada Ortiz surgió como resultado del comportamiento inapropiado asociado a sus gestiones concernientes al recurso    MC-2014-154 el cual **suscribió como abogada.**[12]

Por consiguiente, la letrada no puede abstraerse de las obligaciones éticas correspondientes alegando que su gestión ante este Tribunal estuvo limitada a su rol de madre.

_____

[11] Asimismo, la licenciada Ortiz incluyó su número como abogada del Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico luego de su firma.

[12] Igualmente, en el segundo mensaje la licenciada Ortiz incitó de manera desafiante al licenciado Maldonado a que le presentara una queja. Lo anterior denota que escribió el mensaje consciente de su posición como abogada y que su conducta, en ese carácter, podía ser sancionada.

Pasamos entonces a examinar la conducta de la licenciada Ortiz a la luz de los preceptos éticos aplicables. En lo concerniente a los Cánones 9 y 11, durante el trámite ético quedó establecido que la querellada envió los dos (2) correos que promovieron la queja en su contra. No existe controversia que al enviar los correos electrónicos la querellada era consciente de que el licenciado Maldonado trabajaba para la Rama Judicial. Igualmente reconoció haber enviado el primer mensaje a no menos de veinte (20) funcionarios del Tribunal General de Justicia procurando ayuda en los casos relacionados con su hija.

Asimismo, la letrada admitió haber retado al licenciado Maldonado en tono desafiante al éste advertirle que podría estar violando los Cánones de Ética Profesional por dirigirse a él directamente en relación con un asunto presentado ante este Foro. Mediante estas expresiones la licenciada Ortiz faltó a su deber de mostrar respeto hacia la institución que representa el Tribunal. De igual manera incluyó expresiones difamatorias en contra del licenciado Maldonado, así como de este Foro, en varios escritos sometidos en el proceso ético iniciado en su contra.

Además, la letrada dificultó el curso de la investigación de la queja a cargo de la Oficina de la Procuradora General proveyendo respuestas evasivas e inclusive incorrectas.

En torno a lo que insinúa la licenciada Ortiz a los efectos de que no se demostró que efectivamente el asunto presentado en el MC-2014-154 le fuera asignado a la Hon. Jueza Asociada Mildred G. Pabón Charneco, es menester aclarar que el Tribunal Supremo es un Tribunal Colegiado, en el cual las decisiones son tomadas por el Pleno del Tribunal. Por lo tanto, todos los casos disciplinarios, como el presente, son atendidos por todos los jueces y la disposición final del asunto recae en manos de **todos y cada uno** de éstos y no en las de un juez en particular.

Dicho lo anterior, y teniendo en cuenta que no se trata de una persona lega, sino de un miembro de esta ilustre profesión, entendemos que la actuación de la licenciada Ortiz de enviarle copia del recurso a un oficial jurídico de uno de los miembros de esta Curia, con conocimiento del puesto que ocupaba, estaba dirigida a influir en el proceso decisorio de este Foro, aunque haya sido de manera sutil, en violación al Canon 11. Independientemente de que su comportamiento no haya sido uno mal intencionado, según alega la letrada, la realidad es que el mismo tiene como efecto poner en entredicho la integridad de este Foro, lo que reprobamos vehementemente.

Asimismo, contrario al mandato del Canon 35, la letrada no fue sincera ni honrada en el proceso instado en su contra puesto que negó hechos que le constaban de conocimiento propio, los cuales finalmente tuvo que aceptar como ciertos.

De otra parte, según relatamos en esta Opinión *Per Curiam*, la conducta conflictiva, poco colaboradora y dilatoria, desplegada por la querellada durante el trámite ético se caracterizó por ser contraria a su deber de exaltar el honor y la dignidad de la profesión y evitar en todo momento incurrir en conducta impropia o apariencia de conducta impropia según dispuesto en el Canon 38.

## IV

La Comisionada Especial determinó que la licenciada Ortiz incurrió en las faltas éticas imputadas. No obstante, recomendó que le impusiéramos una medida leve puesto que las violaciones que nos ocupan son consecuencia de una gestión encaminada a llamar la atención, si bien de una manera desacertada, a un trámite profundamente doloroso que le afecta como madre. Aludió, también, a que la querellada no tiene faltas previas; es una abogada joven quien no contaba con un año en la práctica legal cuando ocurrieron los hechos; goza de buena reputación; no ocasionó perjuicios a terceros; tampoco existe ánimo de lucro, el comportamiento imputado constituye conducta aislada; reconoció su falta, y se arrepintió de su proceder.

Expuesto lo anterior, sólo nos resta determinar la sanción disciplinaria a imponerle a la licenciada Ortiz por el comportamiento exhibido. Al fijar la misma, procede que consideremos los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial

disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re* Roldán González, *supra*; *In re* Miranda Daleccio, *supra*; *In re* Planas Merced, 180 DPR 179 (2010).

Durante la Vista Evidenciaria la licenciada Ortiz presentó el testimonio de una excliente, una amiga y una compañera de estudios de derecho, quienes acreditaron la buena reputación y buen carácter de la letrada. Asimismo, detallaron cómo la batalla legal por la custodia de su hija afectó su condición emocional durante el periodo de tiempo en que ocurrieron los sucesos relevantes a este proceso. Igualmente, surgió de los informes correspondientes que la querellada estuvo recibiendo tratamiento psicológico o psiquiátrico a causa de la situación legal que confrontó en relación con su hija menor de edad.

En torno a su historial disciplinario, es menester mencionar que atendimos dos (2) asuntos relacionados a la conducta ética de la licenciada Ortiz los cuales se presentaron meses después de la queja que nos ocupa pero que, igualmente están relacionados a los conflictos legales generados en torno a la custodia de su hija.

Así pues, en el AB-2014-433 consideramos la presentación de quejas frívolas e infundadas sometidas por la querellada en contra de la Lcda. Eliadis Orsini Zayas (licenciada Orsini) y la licenciada López. Según la queja fechada el 1 de diciembre de 2014, la licenciada Ortiz le imputó a la licenciada Orsini actuar indebidamente cuando, en su función como Comisionada Especial, recomendó el archivo de una queja promovida por la licenciada Ortiz en contra de la licenciada López. En lo concerniente a la licenciada López, la licenciada Ortiz alegó que ésta procedió de manera impropia al gestionar un caso de alimentos y otro de maltrato en contra de la licenciada Ortiz en representación del exesposo de esta última.

En esa ocasión acogimos la recomendación de la Procuradora General y decretamos el archivo del asunto mediante Resolución de 26 de junio de 2015. No obstante, le impusimos una sanción de $500.00 a la licenciada Ortiz a la vez que le apercibimos de abstenerse de presentar quejas frívolas en el futuro.[13]

De otra parte, el 10 de diciembre de 2014 la licenciada Orsini presentó una queja en contra de la licenciada Ortiz imputándole una práctica de hostigamiento al enviarle correos electrónicos y correspondencia innecesaria y molestosa que nada tenían que ver con ella.

---

[13] El Informe de la Procuradora Especial precisó que el trámite iniciado en el asunto **AB-2014-433** constituía la **quinta** queja **infundada** presentada por la licenciada Ortiz en contra de la licenciada López Prieto desde el 2009 como producto de los casos de alimentos y maltrato antes mencionados.

A esta queja se le asignó el número AB-2014-465. La Procuradora General entendió que la conducta en cuestión no era de tal magnitud para constituir una violación a los Cánones de Ética Profesional. Este Tribunal acogió la recomendación de la Procuradora General y, mediante Resolución de 27 de enero de 2017, ordenamos el archivo del asunto. En esa ocasión apercibimos a la licenciada Ortiz que, de incurrir nuevamente en la conducta que originó la misma o en alguna otra actuación que constituyera infracción a los Cánones de Ética Profesional, sería objeto de sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la abogacía.

Finalmente, la querellada aceptó que cometió un grave error al comunicarse con el licenciado Maldonado y al responder de manera irrespetuosa al mensaje de éste. Asimismo, expresó su arrepentimiento por la conducta desacertada desplegada durante ese periodo y se comprometió a, en adelante, dar fiel cumplimiento a sus deberes éticos. Declaró que actuó movida por el dolor y la desesperación causadas por la separación de su hija.

Conforme a la información que surge del expediente, así como de lo expresado por la Comisionada Especial en su Informe, no albergamos duda alguna de que durante el periodo en cuestión la licenciada Ortiz estuvo atravesando una situación familiar sumamente difícil y complicada. No obstante, ello no puede justificar que la letrada haya

actuado al margen de lo preceptuado en los Cánones de Ética Profesional e impida que ejerzamos nuestra potestad disciplinaria ética. Como letrados, no podemos permitir que el dolor y desesperación nublen nuestro entendimiento en gestiones asociadas al Sistema Judicial. De no encontrarse en la condición emocional apta para proseguir su propia representación legal, la togada tenía la opción de haber contratado a un abogado que la representara, cosa que no hizo.

**V**

Analizado el derecho aplicable, así como las infracciones éticas incurridas por la Lcda. Maritza Ortiz Sánchez, decretamos su suspensión inmediata del ejercicio de la abogacía y la notaría por el término de tres (3) meses. Se le notifica que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por la señora Ortiz Sánchez durante el periodo en que la misma estuvo vigente.

Además, le ordenamos a la señora Ortiz Sánchez notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, así como informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar y certificar ante

este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Ortiz Sánchez y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la señora Ortiz Sánchez a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Maritza Ortiz Sánchez                CP-2016-2        Conducta
                                                      Profesional

SENTENCIA

En San Juan, Puerto Rico a 29 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión de la Lcda. Maritza Ortiz Sánchez del ejercicio de la abogacía y la notaría por el término de tres (3) meses. Se le notifica que su fianza notarial queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a actos realizados por la señora Ortiz Sánchez durante el periodo en que la misma estuvo vigente.

La señora Ortiz Sánchez deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial de la señora Ortiz Sánchez y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia a la señora Ortiz Sánchez a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez hace constar la siguiente expresión:

La Juez Asociada señora Rodríguez Rodríguez no está de acuerdo con la sanción impuesta y, en su lugar, suspendería a la licenciada Ortiz Sánchez por un periodo no menor de seis (6) meses.

El Juez Asociado señor Colón Pérez concurre y hace constar la siguiente expresión:

El Juez Asociado señor Colón Pérez concurre con el resultado alcanzado por una mayoría de este Tribunal en el día de hoy. Ello, dado que, si bien coincide en que la licenciada Maritza Ortiz Sánchez infringió los Cánones 9 (conducta de los abogados ante los tribunales), 11 **(indebidas atenciones e influencia hacia los jueces)**, 35 (sinceridad y honradez) y 38 (preservación del honor y dignidad de la profesión), 4 LPRA Ap. IX, y que, en consecuencia, procede su suspensión del ejercicio de la abogacía, no está de acuerdo con que su sanción se limite meramente a su suspensión del ejercicio de la abogacía por el término de tres (3) meses. A juicio de éste, cualquier letrado o letrada que intente influenciar el criterio de un juez o jueza de este Tribunal, o de cualquiera de los jueces o juezas de nuestros tribunales, a través de acercamientos al personal que labora en sus oficinas, como es el caso de los y las Oficiales Jurídicos, debe ser sancionado con una suspensión del ejercicio de la abogacía por un término no menor de un (1) año. Ello se agrava aún más cuando, como sucedió en el presente caso, la letrada objeto del presente proceso disciplinario, en reiteradas ocasiones, incumplió con las órdenes o directrices de este Tribunal relacionadas con el mismo. La conducta desplegada por la licenciada Ortiz Sánchez es, a todas luces, intolerable.

Establecido lo anterior, y tal como este Tribunal lo ha hecho en el pasado, nuevamente hacemos énfasis en el sumo cuidado que debe tener todo abogado o abogada en abstenerse de tratar de ejercer influencia o presión indebida en la

tramitación de cualquier asunto sometido a la consideración judicial. Dicha conducta además de antiética, podría ser considerada como delictiva. Véase, 33 LPRA sec. 5385."

La Jueza Asociada señora Pabón Charneco no interviene.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo